# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kevin Wayne McDaniels, #254398, | ) | C/A No.: 1:12-6-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Richland Co. Public Defenders Office; | ) | |
| Richland Co. Solicitors Office; | ) | |
| Honorable Judge Cooper; Richland Co. | ) | |
| Sheriff's Dept.; Sgt. McDaniels; William | ) | |
| Byars, Jr.; B.J. McKie; Monica Counts; | ) | |
| Tim Riley; Greenville Co. Sheriff's | ) | |
| Office; Mary Fields; Benjamin T. Stepp; | ) | |
| AUSA A. Lance Crick; Honorable | ) | |
| Henry F. Floyd; US Dept of Justice, | ) | |
| Alcohol, Tobacco, Firearms & | ) | REPORT AND RECOMMENDATION |
| Explosives; Randal Beach; Eric Holder, | ) | |
| Jr., U.S. Attorney General; Lexington | ) | |
| Co. Sheriff's Dept.; Nikki Haley, | ) | |
| Governor of South Carolina; Chris | ) | |
| Florian; Alan Wilson; Kevin Owens; | ) | |
| Barry Barnett; Robert B. Hall; Richard | ) | |
| B. Ives; D.B. Drew; Terry O'Brien; | ) | |
| Matthew Zagula; RT Lowry, MD; A. | ) | |
| Bryant, PA; Neil Stephens, RN; J. | ) | |
| Vazquez, MD; Edgar Morales; Walter | ) | |
| Dobushak; Mr. Crawford, MD; Irwin | ) | |
| Fish, MD; Dr. Massa, MD; Dr. Loranth, | ) | |
| MD; Mrs. Brown, PA; Toumey Regional | ) | |
| Medical Center; Palmetto Richland | ) | |
| Memorial Hospital; Baptist Regional | ) | |
| Medical Ctr; Chuck Wright; Tim Tucker; | ) | |
| Detective Easler; Dr. Beinor; being sued | ) | |
| in their individual and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

Kevin Wayne McDaniels ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is a federal prisoner in FCI-Williamsburg, in Salters, South Carolina, a facility of the federal Bureau of Prisons ("BOP"). He filed this complaint raising claims under the South Carolina Tort Claims Act ("SCTCA"), Federal Tort Claims Act ("FTCA"), Americans with Disabilities Act ("ADA"), and claims of deprivation of constitutional rights under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Plaintiff seeks injunctive relief and monetary damages.

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that 34 of the 46 defendants be dismissed as parties to this case, and all the claims in Plaintiff's complaint be dismissed except for his *Bivens* claim against the remaining 12 defendants.

I.      Factual and Procedural Background

        A.      Procedural History

Plaintiff's action commenced with the filing of a Motion for Preliminary Injunction on January 3, 2012, in which he sought injunctive relief against the five defendants from FCI-Williamsburg. [Entry #1 at 4]. The document was construed as a complaint seeking preliminary injunctive relief. *See Hamlin v. Warren*, 664 F.2d 29, 30 (4th Cir. 1981) (district court is not constrained or restricted by a petitioner's style of pleading or request for relief). On January 10, 2012, Plaintiff filed a complaint along

with several attachments stating allegations against all 46 defendants. The complaint and attachments were consolidated with the original submission as a single complaint with attachments. [Entry #1]. Plaintiff subsequently filed a Motion for Temporary Restraining Order [Entry #5] and Motion for Emergency Injunction [Entry #11]. The Motion for Temporary Restraining Order is recommended for denial in a separate Report and Recommendation. The Motion for Emergency Injunction [Entry #11] will be served with the complaint in this case.

B.    Prior Cases

Plaintiff has filed two prior cases[1] in this district court that raise the same issue of medical neglect and deliberate indifference to his breathing difficulties that he presents in this case. In *McDaniels v. S.C. Dept. of Corrections*, C/A No. 1:09-1732-TLW ("*McDaniels I*"), Plaintiff sued several state officials under 28 U.S.C. § 1983, in part, for deliberate indifference to a serious medical need for not providing proper medical treatment, including surgery, during his incarceration in the custody of the South Carolina Department of Corrections ("SCDC"). The amended complaint included claims of false imprisonment, contempt of court, and violation of the Fourteenth Amendment for SCDC's failure to remand him to federal custody to serve his concurrent federal and state sentences. Plaintiff is now serving his concurrent state and federal sentences in the custody of the BOP. The Report and Recommendation in *McDaniels I* provides an

---

[1] This court takes judicial notice of Plaintiff's prior related cases. *See Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir.1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

overview of Plaintiff's criminal case history that includes details of his state and federal custody status. *See McDaniels v. S. C. Dept. of Corrections*, C/A No. 1:09-1732-TLW, 2011 WL 1104131 (D.S.C. 2011). *McDaniels I*, which granted the defendants' summary judgment motions, became final by order dated March 23, 2011.

Plaintiff also filed, in his federal criminal case, a motion seeking an emergency injunction for medical attention for his breathing difficulties while in BOP custody. *See U.S. v. McDaniels*, Cr. No. 7:06-36-HMH-1 (D.S.C.). Pursuant to the order of the Honorable Henry M. Herlong, United State District Judge, Plaintiff's motion was docketed as a complaint in a civil case on November 11, 2011. *See McDaniels v. United States*, C/A No. 1:11-3128-TLW-SVH (D.S.C.). The court construed the matter as a claim against the United States pursuant to the FTCA, and the undersigned issued a Report and Recommendation recommending dismissal, which is still pending.

C.    Allegations in the Instant Complaint

The instant complaint names 46 defendants, including federal, state, and local governmental officials, employees and entities, as well as private individuals and entities. Plaintiff attempts to assert claims "under S.C. Tort Claims Act / Federal Tort Claims Act 28 U.S.C. § 2671 et seq. / Bivens Action 28 U.S.C. § 1331(a) / Americans with Disabilities Act 42 U.S.C. § 12101 et seq." Compl. at 2 [Entry #1-3]. Plaintiff identifies his claims as "false imprisonment, contempt of court, coerced confession, improper classification, breach of plea agreement, legal malpractice, malicious prosecution, medical malpractice, deliberate indifference, discrimination, gross negligence." *Id.*

In his complaint, Plaintiff asserts he was arrested on March 11, 2006 on state charges and while held in the local detention center, both state and federal detainers were filed. Compl. at 3. Plaintiff was sentenced on the federal charge in this district court on January 3, 2007, while various state criminal cases were pending. *Id.* In Richland County, Plaintiff pled guilty and was sentenced on January 24, 2007. *Id.* Plaintiff was then transferred to SCDC custody. Compl. at 4. While in state custody, Plaintiff was taken to the Tuomey Regional Medical Center for a consultation with an ear, nose, and throat (ENT) specialist on July 3, 2008 and November 7, 2008. *Id.* Upon recommendation of the ENT physician, Plaintiff was taken to Palmetto Richland Memorial Hospital on April 13, 2009 for a sleep study to evaluate Plaintiff's condition of obstructive sleep apnea. *Id.*

Plaintiff was transferred to federal custody on September 2, 2009. Plaintiff was transferred to U.S.P. McCreary, a BOP facility in Kentucky, and he alleges he was taken to Baptist Regional Medical Center concerning his breathing difficulties. Compl. at 5. Plaintiff was subsequently transferred to USP Coleman in Florida, USP Hazelton in West Virginia, and then to his current location at FCI Williamsburg in South Carolina. *Id.* Plaintiff alleges defendants at each of these facilities disregarded his breathing problems. *Id.* Plaintiff claims he has severe sleep apnea, which leads to heart failure and malfunction of the lungs, as well as paroxysmal nocturnal dyspnea (sudden attacks of shortness of breath during sleep). Compl. at 31. Plaintiff alleges he awakens gasping, which indicates an extreme form of orthopnea and causes heart failure. *Id.* Plaintiff further

claims defendants at FCI-Williamsburg have denied him medical treatment for heel spurs. Compl. at 5.

Plaintiff sues several state, federal, and private individuals and entities for allegedly disregarding his serious medical needs while he has been in custody. Plaintiff claims that he has been denied proper medical treatment by the following defendants: Director of SCDC William Byars, Jr.; U.S. Attorney General Eric Holder, Jr.; Warden of USP McCreary Richard B. Ives; Warden of USP-Low Coleman D.B. Drew; Warden of USP Hazelton Terry O'Brien; USP McCreary medical personnel Matthew Zagula, PA, R.T. Lowry, MD, A. Bryant, PA, and Neil Stephens, RN; USP-Low Coleman medical personnel J. Vazquez, MD and Edgar Morales, MLP; Walter Dobushak at USP-Hazelton; FCI Williamsburg medical personnel Mr. Crawford, MD, PA, Irwin Fish, MD, PA, Dr. Massa, MD, PA, Mrs. Brown, RN, Pharmacist, Dr. Loranth; Toumey Regional Medical Center; Palmetto Richland Memorial Hospital; Baptist Regional Medical Center; and Director of SCDC Health Services Dr. Beinor. Compl. at 8, 12, 15–19, 21–23, 30–32.

Plaintiff also claims that various state and federal defendants failed to keep their promise to assist him in obtaining a downward departure on his federal sentence in return for his alleged substantial assistance in several other criminal investigations. *See generally* Compl. [Entry #1-3]. Plaintiff alleges that while in state custody, he provided substantial assistance in criminal case investigations to individuals within the sheriffs' offices in Richland, Greenville, and Lexington counties. *Id*. at 6, 12, 24–25, 36. Plaintiff also alleges that he provided substantial assistance to federal agents in obtaining a fellow

inmate's conviction while in federal custody at USP Hazelton. Compl. at 6, 10–11, 15, 26–28. According to Plaintiff's complaint, several defendants failed to seek a downward departure on his federal sentence, as they had promised, in return for his providing substantial assistance in criminal investigations. *Id*. Plaintiff's claims based on an alleged failure to request a downward departure for substantial assistance are brought against the following defendants: Richland County Public Defenders Office; Richland County Solicitor's Office; Honorable Judge Cooper; Richland County Sheriff's Dept.; Richland County Sheriff's Deputy Sgt. McDaniels; Greenville County Sheriff's Office; Greenville County Sheriff's Office Detective Mary Fields; Federal Public Defender Benjamin T. Stepp; AUSA federal prosecutor A. Lance Crick; Honorable Judge Henry F. Floyd; U.S. Dept. of Justice, Alcohol, Tobacco, Firearms & Explosives ("ATF"); ATF agent Randal Beach; U.S. Attorney Eric Holder; Lexington County Sheriff's Dept., and Warden O'Brien. Compl. at 6–12, 16, 24–28.

Plaintiff further claims that he was incorrectly held in state custody from January 2007 until his transfer to federal custody in September 2009. Plaintiff alleges that because he was not in federal custody as he should have been, he was damaged by SCDC charging him for room and board, as well as forcing him to work despite medical restrictions. Compl. 4–5, 8–9, 23. Plaintiff's claims regarding his alleged improper custody are brought against the following defendants: Director of SCDC William Byars, Jr.; Warden of Kirkland Correctional Institution B. J. McKie; SCDC State Classification

Monica Counts; Warden of Tyger River Correctional Institution Tim Riley; and S.C. Attorney General Alan Wilson. Compl. at 8–9, 13, 23.

Plaintiff also alleges that he was coerced into confessing to a crime in Spartanburg County that he did not commit. Compl. at 14, 20–21, 29. Plaintiff states that he has proof that he was in Florida when the crimes were committed, but his claims of innocence have been ignored. Plaintiff's claims based on his wrongful conviction are brought against the following defendants: S.C. Attorney General Wilson; attorney Kevin Owens; Spartanburg County Chief Solicitor Barry Barnett; attorney Robert Hall; Spartanburg County Sheriff's Department Director Chuck Wright; Sheriff of Spartanburg County Tim Tucker; and Spartanburg County Sheriff's Department Detective Easler. *Id.* at 14, 20–21, 29.

Plaintiff alleges that while in state custody he earned wages being held by SCDC that refers to as "his long term savings." Compl. at 13, 28, 34. Plaintiff states that he needs the funds to purchase medical equipment. *Id.* at 35. Plaintiff has unsuccessfully attempted to obtain the funds held by SCDC, and he sues state officials for denying his request for the funds, or failing to assist him in obtaining the funds. Plaintiff's claims based on his "long term savings" claims are brought against the following defendants: South Carolina Governor Nikki Haley and SCDC Deputy General Counsel Chris Florian. Compl. at 13, 28, 34.

II.    Discussion

A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Plaintiff's Claims

    1.    FTCA Claims

The FTCA provides for recovery of money damages against the United States for cognizable state or common law torts committed by federal officials while acting within the scope of their employment. 28 U.S.C. §§1346(b), 2674. The complaint alleges violation of the FTCA by defendant Holder based on the "negligent and wrongful act and omission of BOP employees." Compl. at 12 [Entry #1-3]. Plaintiff also sues the "doctors employed through BOP under contract." Compl. at 21. The complaint could also be construed as attempting to sue the ATF, or other individuals acting under authority of federal law.

The United States is the only proper defendant in a FTCA claim. 28 U.S.C. 1346(b)(1). However, the complaint fails to name the United States as a defendant. Personal capacity suits against employees are not cognizable under the FTCA. 28 U.S.C. §2679(b)(1). Furthermore, agencies cannot be sued under the FTCA. 28 U.S.C. § 2679(a). Therefore, Plaintiff's claims under the FTCA against the individual defendants and/or the federal agency ATF fails to state a claim and should be dismissed.

Even if Plaintiff were to amend his complaint to add the United States as a defendant, his FTCA claims could not proceed. The FTCA requires Plaintiff to exhaust

his administrative remedies through the appropriate agency before bringing suit. 28

U.S.C. § 2675(a). The FTCA states as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). The presentment of an administrative claim is jurisdictional and cannot be waived. *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986).

Plaintiff alleges that he "has filed grievances in the above matter exhausting his remedies before filing" all of his claims. Compl. at 3. Prison grievances, however, are not sufficient to exhaust administrative remedies for purposes of the FTCA. The exhaustion requirements for administrative remedies through the BOP's inmate grievance system differ from the exhaustion requirements for filing a claim under the FTCA. *Compare* 28 C.F.R. §§ 543.30-.32 (setting out FTCA claim procedure) with 28 C.F.R. § 542.10 (setting out BOP grievance procedure). The Supreme Court has required strict adherence to the FTCA's exhaustion requirement, regardless of a plaintiff's *pro se* status. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). The complaint does not allege that Plaintiff has presented an administrative claim for purposes of compliance with the FTCA, which deprives this court of jurisdiction over Plaintiff's FTCA claim. Therefore, Plaintiff's FTCA claim should be dismissed.

2.     ADA Claim

Plaintiff alleges a cause of action for violation of the ADA, but does not state a claim. In order to establish a violation of the ADA or the Rehabilitation Act, a plaintiff must show 1) that he has a disability; 2) that he is otherwise qualified to receive the benefits of the public service, program, or activity in question; and 3) that he was excluded from the benefit due to discrimination solely on the basis of the disability. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 482 (4th Cir. 2005); *Baird v. Rose*, 192 F.3d 462, 467 (4th Cir. 1999). Plaintiff's only possible allegation concerning disability are against defendant Holder for "violating the Eighth Amendment of the Rehabilitation Act of 1973 (act) 29 U.S.C. 791, et seq." Compl. at 12. No factual allegations concerning exclusion from a public service, program or activity are made. Because the complaint fails to allege factual allegations of discrimination based on disability, it fails to state a claim under the ADA.

3.     *Bivens* Claims

In *Bivens*, the Supreme Court held that a plaintiff may obtain damages for injuries caused by a federal agent acting "under color of his authority" in violation of the plaintiff's constitutionally-protected rights.[2] Claims brought pursuant to *Bivens* are not actionable against the United States, a federal agency, or public officials in their official capacity, but can only be brought against federal agents sued in their individual capacity.

---

[2] A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983. Therefore, caselaw involving § 1983 claims and *Bivens* claims are generally interchangeable. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982).

*FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Defendants acting under color of state law are also not liable under *Bivens*.

Plaintiff alleges that as federal agents, Stepp, Crick, Beach and O'Brien promised a downward departure pursuant to Fed. R. Crim. P. 35(b) in Plaintiff's federal sentence in exchange for substantial assistance in other criminal investigations. Although his federal criminal case does not reflect Plaintiff having entered a written plea agreement with the United States prior to pleading guilty, in the instant case Plaintiff alleges breach of plea agreement and breach of promise for failure to assist in obtaining a downward departure for substantial assistance. Allegations based on breach of contract do not rise to the level of deprivation of a constitutional right, and therefore are not actionable under *Bivens*. *See Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988) (§ 1983 claim may not be "based alone on a violation of state law or on a state tort."). Further, the appropriate forum for specific performance based on the breach of a plea agreement is the criminal case in which it was entered.

Although Plaintiff alleges false imprisonment, which could be construed as implicating deprivation of a constitutionally-protected liberty interest, Plaintiff's factual allegations fail to state a claim. Plaintiff's claims of false imprisonment appear to be based on the theory that because defendants did not assist him in obtaining a downward departure, the "additional days incarcerated" without the downward departure on his current sentence constitute false imprisonment. Compl. at 8. Plaintiff's argument has no merit. Plaintiff has not identified any constitutional right that was violated by the federal

defendants, and his *Bivens* claims against defendants Stepp, Crick, Beach and O'Brien should be dismissed.

Plaintiff also alleges he is suing wardens Ives and Drew based on the "negligent and wrongful acts committed by such BOP staff and Medical Personnel" under their supervision. Compl. at 15. Similarly, Plaintiff alleges he is suing defendant Holder based on the "negligent and wrongful act and omission of BOP Employees to include the Warden, Medical Personnel and BOP staff employees." Compl. at 15. Plaintiff contends that he "is entitled to sue the Wardens and Directors of SCDC and BOP for respondeat theory." Compl. at 23. Contrary to Plaintiff's belief, "government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 1948.

Plaintiff's factual allegations concerning individual actions by these supervisory defendants fail to state a *Bivens* claim. The complaint fails to allege any individual involvement of defendant Holder in relation to Plaintiff's medical needs. As for the BOP wardens, Plaintiff alleges deliberate indifference to his medical needs because "at some point plaintiff did in fact bring his Medical needs to their attention and they failed to carry out their duties to make sure plaintiff received the proper medical care." Compl. at 29. To bring a claim alleging the denial of medical treatment against non-medical prison

personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. *Id*.

Plaintiff only claims that these defendants had knowledge of his medical needs, but he makes no factual allegations of the wardens' personal involvement in medical treatment, or interference with treatment, or indifference to the medical personnel's constitutional violations. The complaint fails to plead facts sufficient to state a claim against these supervisory defendants for alleged constitutional injuries inflicted by their subordinates. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (plaintiff must show that a supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practice). The complaint does not establish a claim for personal involvement by these defendants in the deprivation of a constitutional right, or supervisory liability based on the actions of subordinate medical personnel. Plaintiff's *Bivens* claims against defendants Holder, Ives, and Drew should be dismissed.

Plaintiff's allegations of deliberate indifference to serious medical needs against medical personnel within BOP facilities could state a *Bivens* claim. The Supreme Court has long recognized that "deliberate indifference to serious medical needs of a prisoner constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth

Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976) (citations and footnotes omitted); *see also Carlson v. Green*, 446 U.S. 14, 17–19 (1980) (*Bivens* remedy extended to federal agents' violations of an individual's rights under the Cruel and Unusual Punishment Clause of the Eighth Amendment). Thus, Plaintiff may proceed in his *Bivens* action against the defendants who are medical personnel at BOP facilities. By separate order, the U.S. Marshal has been directed to serve the complaint on defendants Zagula, Lowry, Bryant, Stephens, Vazquez, Morales, Dobushak, Crawford, Fish, Massa, Brown and Loranth.

4.    State Law Claims

Plaintiff alleges a cause of action under the SCTCA, as well as claiming "false imprisonment, contempt of court, coerced confession, improper classification, breach of plea agreement, legal malpractice, malicious prosecution, medical malpractice, deliberate indifference, discrimination, gross negligence." Compl. at 2. Because Plaintiff has invoked the original jurisdiction of this court in his viable *Bivens* claims against medical personnel, Plaintiff's state law claims could be considered by this court through the exercise of supplemental jurisdiction. 28 U.S.C. § 1367(a); *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164-65 (1997) (federal courts' original jurisdiction under federal question includes jurisdiction over state law claims that "derive from a common nucleus of operative fact," such that "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'"). Supplemental jurisdiction, however,

requires state claims to be "so related" to the federal claims "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The only viable federal claims raised in the complaint are Plaintiff's Eighth Amendment medical indifference claims brought against federal agents under *Bivens*. Plaintiff's state law claims are based on unrelated factual allegations against individuals and entities that have no connection to the federal defendants or incidents that are subject to suit under *Bivens* in this court's original jurisdiction. The state law claims are separate and independent of the *Bivens* claim, and are not "so related" to the federal claims "that they form part of the same case or controversy." Thus, the complaint fails to invoke this court's supplemental jurisdiction to consider the state law claims, and the undersigned recommends the state law claims be dismissed.

### 5. Claim under 42 U.S.C. § 1983

Plaintiff brings suit against Director of SCDC Health Services Dr. Beinor pursuant to 42 U.S.C. § 1983, based on denial of medical treatment. Compl. at 21. Specifically, Plaintiff alleges he has sustained permanent physical and mental damages based on the denial a CPAP machine. *Id.* Plaintiff further states that "SCDC physicians employed by SCDC to provide medical services to Mr. McDaniels acted under color of state law for purposes of § 1983." *Id*. at 22 (emphasis in original).

Plaintiff previously sued defendant Beinor under § 1983 for deliberate indifference to his serious medical needs in *McDaniels I*. In *McDaniels I*, the undersigned's report and recommendation was accepted by the district judge and became the law of the case.

Based on evidence presented, *McDaniels I* found that Plaintiff had not demonstrated an actionable claim under § 1983 regarding his medical treatment. Plaintiff's § 1983 claim against defendant Beinor in this current case is barred based on the doctrine of *res judicata*. "Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *Orca Yachts, L.L.C. v. Mollicam, Inc.,* 287 F.3d 316, 318 (4th Cir. 2002). The final judgment in *McDaniels I* precludes Plaintiff's § 1983 claim in the current case, and therefore, his § 1983 claim against defendant Beinor should be dismissed.

In as much as Plaintiff attempts to bring a § 1983 claim based on his allegation that he was incorrectly held in state custody from January 2007 until his transfer to federal custody in September 2009, this claim is also barred by *res judicata*. Under the doctrine of *res judicata*, "if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation 'not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented.'" *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d at 318 (quoting *In re Varat Enters.*, 81 F.3d 1310, 1315 (4th Cir. 1996)). In *McDaniels I*, Plaintiff raised this same custody issue against some of the same defendants, including McKie, Counts and Riley. *McDaniels I* found that Plaintiff's custody in the SCDC did not violate his constitutional rights or constitute false imprisonment or contempt of court. Plaintiff's prior litigation precludes him from reasserting the same issue in this case.

To the extent the complaint could be construed as bringing a § 1983 claim based on Plaintiff's allegations of wrongful conviction, such a claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff seeks damages for alleged constitutional violations stemming from his prosecution, conviction and/or sentence, which he may not recover unless his conviction or sentence has been invalidated. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. at 487. Plaintiff has not demonstrated that any of his convictions and/or sentences have been successfully challenged, so any damages claim he may be attempting to pursue based on his convictions or sentences are barred by *Heck*.

In as much as the complaint could be construed as bringing claims under 42 U.S.C. § 1983 against state actors for breach of contract or "breach of promise," such claims also fail. Plaintiff fails to identify a constitutional right which has been violated. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (elements of a claim under § 1983 include identification of a right secured by the Constitution or laws of the United States that was violated by a person acting under the color of state law). Similarly, Plaintiff's allegations concerning the failure of Governor Haley and defendant Florian to assist him in recovery of his "long term savings" fails to state a claim. *See Hudson v. Palmer*, 468 U.S. 517 (1984) (intentional deprivation of property by a state employee does not violate the Due Process

Clause if a meaningful post-deprivation remedy for loss is available under state law). A § 1983 claim may not be "based alone on a violation of state law or on a state tort." *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988). Thus, the undersigned submits that the complaint fails to state a viable claim under 42 U.S.C. § 1983.

III. Conclusion

For the foregoing reasons, it is recommended that the following defendants be dismissed for failure to state a claim against them: Richland County Public Defenders Office; Richland County Solicitor's Office; Honorable Judge Cooper; Richland County Sheriff's Dept.; Richland County Sheriff's Deputy Sgt. McDaniels; Director of SCDC William Byars, Jr.; Warden of Kirkland Correctional Institution B.J. McKie; SCDC State Classification Monica Counts; Warden of Tyger River Correctional Institution Tim Riley; Greenville County Sheriff's Office; Greenville County Sheriff's Office Detective Mary Fields; Federal Public Defender Benjamin T. Stepp; AUSA A. Lance Crick; Honorable Judge Henry F. Floyd; U.S. Dept. of Justice, ATF; ATF special agent Randal Beach; U.S. Attorney General Eric Holder; Lexington County Sheriff's Dept.; S.C. Governor Nikki Haley; SCDC Deputy General Counsel Chris Florian; S.C. Attorney General Alan Wilson; attorney Kevin Owens; Spartanburg County Chief Solicitor Barry Barnett; attorney Robert Hall; Warden of USP McCreary Richard B. Ives; Warden of USP-Low Coleman D.B. Drew; Warden of USP Hazelton Terry O'Brien; Spartanburg County Sheriff Department Director Chuck Wright; Sheriff of Spartanburg County Tim Tucker; Spartanburg County Sheriff's Department Detective Easler; Toumey Regional Medical

Center; Palmetto Richland Memorial Hospital; Baptist Regional Medical Center; and Director of SCDC Health Services Dr. Beinor.

The case may proceed based on the *Bivens* claims against the remaining defendants, as follows: Matthew Zagula, PA, R.T. Lowry, MD, A. Bryant, PA, and Neil Stephens, RN at USP McCreary; J. Vazquez, MD at USP-Coleman; Edgar Morales, MLP at USP-Low Coleman; Walter Dobushak at USP-Hazelton; Mr. Crawford, MD, PA, Irwin Fish, MD, PA, Dr. Massa, MD, PA, Mrs. Brown, RN, Pharmacist, and Dr. Loranth at FCI Williamsburg.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 27, 2012                                    Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).