# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kevin Wayne McDaniels, #254398, | ) | C/A No.: 1:12-6-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Richland Co. Public Defenders Office; Richland Co. Solicitors Office; Honorable Judge Cooper; Richland Co. Sheriff's Dept.; Sgt. McDaniels; William Byars, Jr.; B.J. McKie; Monica Counts; Tim Riley; Greenville Co. Sheriff's Office; Mary Fields; Benjamin T. Stepp; AUSA A. Lance Crick; Honorable Henry F. Floyd; US Dept of Justice, Alcohol, Tobacco, Firearms & Explosives; Randal Beach; Eric Holder, Jr., U.S. Attorney General; Lexington Co. Sheriff's Dept.; Nikki Haley, Governor of South Carolina; Chris Florian; Alan Wilson; Kevin Owens; Barry Barnett; Robert B. Hall; Richard B. Ives; D.B. Drew; Terry O'brien; Matthew Zagula; RT Lowry, MD; A. Bryant, PA; Neil Stephens, RN; J. Vazquez, MD; Edgar Morales; Walter Dobushak; Mr. Crawford, MD; Irwin Fish, MD; Dr. Massa, MD; Dr. Loranth, MD; Mrs. Brown, PA; Toumey Regional Medical Center; Palmetto Richland Memorial Hospital; Baptist Regional Medical Ctr; Chuck Wright; Tim Tucker; Detective Easler; Dr. Beinor; being sued in their individual and official capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| Defendants. | ) ) | |

I.  Background

Kevin Wayne McDaniels ("Plaintiff") is a *pro se* federal prisoner who filed a Complaint raising claims under the South Carolina Tort Claims Act, Federal Tort Claims Act, Americans with Disabilities Act, and claims of deprivation of constitutional rights under the holding of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). This matter comes before the court on Plaintiff's motion for temporary restraining order and mandatory injunction ("TRO") [Entry #5] in which he requests a court order requiring various defendants to: 1) assist him in receiving a downward departure in his federal criminal sentence based on his alleged substantial assistance in criminal investigations; 2) expunge his Spartanburg County criminal conviction; and 3) provide immediate surgery on his nose, heel spurs, and rectum.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the TRO motion is dispositive, this Report and Recommendation is entered for the district judge's consideration.

II.  Discussion

   A.  Standard of Review

The court may only grant a TRO, which is issued "without written or oral notice to the adverse party," or a preliminary injunction, after notice to the adverse party, under strict conditions. Fed. R. Civ. P. 65. Both the TRO and preliminary injunctions are "extraordinary remedies involving the exercise of very far-reaching power to be granted

only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001); *see also Moore v. Kemthorne*, 464 F.Supp.2d 519, 525 (E.D.Va. 2006) ("The standard for granting either a TRO or a preliminary injunction is the same."). A petitioner seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir.2009), overruling *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1]

Traditionally, preliminary injunctions are sought to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit, ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003). Mandatory preliminary injunctions, in comparison, compel action. The Fourth Circuit explained:

> "Mandatory preliminary injunctions [generally] do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, --- U.S. ----, 130 S.Ct. 876 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Federal Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

> F.2d 283, 286 (4th Cir.1980). That is to say, a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind.

*Id.* at 526.

   B.   Analysis

After review of Plaintiff's TRO motion, the court finds that he has not demonstrated a clear likelihood of success on the merits regarding his demand for a downward departure on his federal sentence or for the expungement of a state sentence. The complaint fails to state a cognizable claim regarding the alleged failure of certain defendants to seek a downward departure on his federal sentence or expungement of his state conviction.[2] Thus, the Plaintiff cannot show that he is likely to succeed on the merits in order to receive a mandatory injunction. Because he has failed to establish one of the required elements, the undersigned recommends Plaintiff's motion be denied with regard to his request for a mandatory injunction requiring various defendants to assist him in receiving a downward departure in his federal criminal sentence and expunge his Spartanburg County criminal conviction.

As for Plaintiff's request for immediate surgery presented in the TRO, he makes no factual allegations to support his demand "that Plaintiff be immediately given surgery on his nose, heel spurs and rectum." TRO at 5 [Entry #5]. Plaintiff's conclusory demand

---

[2] Contemporaneously with this Report, the undersigned issues another Report recommending defendants be granted summary dismissal on Plaintiff's claim seeking a downward departure and expungement of his Spartanburg County criminal conviction for reasons more fully explained therein.

is insufficient to warrant the extraordinary remedy of *ex parte* injunctive relief.[3] Plaintiff has not made a clear showing that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Therefore, it is recommended that Plaintiff's request for immediate surgery in his TRO be denied.

III.  Conclusion

For the foregoing reasons, it is recommended that Plaintiff's motion for a temporary restraining order and mandatory injunction [Entry # 5] be denied.

IT IS SO RECOMMENDED.

*(signature)*

March 27, 2012 Shiva V. Hodges
Columbia, South Carolina United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] Plaintiff also filed a motion for "emergency injunction" [Entry #11], which claims a deteriorating ability to breath, posing life-threatening circumstances, which should be considered after a response from the appropriate Defendants, rather than *ex parte*. Plaintiff's motion for preliminary injunction for medical care will be served with the Complaint.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).