IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Kevin Wayne McDaniels, #254398, | ) | C/A No.: 1:12-6-TLW-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| Matthew Zagula; RT Lowry, MD; A. Bryant, PA; Neil Stephens, RN; J. Vazquez, MD; Edgar Morales; Walter Dobushak; Mr. Crawford, MD; Irwin Fish, MD; Dr. Massa, MD; Dr. Loranth, MD; Mrs. Brown, PA; being sued in their individual and official capacity, | ) | REPORT AND RECOMMENDATION |
| Defendants. | ) | |

I.  Background

Kevin Wayne McDaniels ("Plaintiff") is a *pro se* federal prisoner who filed a Complaint raising claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971) against the above-captioned defendants.[1] Only the Bivens claims against the above-captioned Defendants remain. This matter comes before the court on the following motions: (1) Plaintiff's motion for an emergency injunction [Entry #11] and (2) Plaintiff's motion to order the BOP to provide him with surgery [Entry #53]. In the motions, Plaintiff requests the court order the BOP to deliver him to the hospital for a CT scan and provide immediate surgery on his nose, heel spurs,

---

[1] Plaintiff originally brought additional claims against additional defendants, but save for the *Bivens* claims against the above-captioned defendants, all have been dismissed [Entry #39].

and rectum. [Entry #11, #53]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because motions for injunctive relief are dispositive, this Report and Recommendation is entered for the district judge's consideration.

II. Discussion

    A. Standard of Review

The court may only grant injunctive, after notice to the adverse party, under strict conditions. Fed. R. Civ. P. 65. A preliminary injunction is an "extraordinary remed[y] involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). A petitioner seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir.2009), overruling *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[2]

---

[2] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, --- U.S. ----, 130 S.Ct. 876 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Federal Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

Traditionally, preliminary injunctions are sought to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit, ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003). Mandatory preliminary injunctions, in comparison, compel action. The Fourth Circuit explained:

> "Mandatory preliminary injunctions [generally] do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir.1980). That is to say, a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind.

*Id.* at 526.

B. Analysis

After review of Plaintiff's motions, the court finds that he has not demonstrated a clear likelihood of success on the merits. Although Plaintiff makes serious allegations regarding his health, he has not supported the factual allegations in his motions with any evidentiary support, such as medical records or affidavits from doctors indicating the need for the various surgeries request or CT scan. Similarly, Plaintiff has not made a clear showing that immediate and irreparable injury, loss, or damage will result. Although Plaintiff claims he will suffer irreparable injury, he again fails to submit any documentation in support of his position. Plaintiff's conclusory allegations are insufficient to warrant the extraordinary remedy of injunctive relief. Therefore, it is recommended that Plaintiff's request for immediate surgeries and CT scan be denied.

III.   Conclusion

For the foregoing reasons, it is recommended that Plaintiff's motion for an emergency injunction [Entry #11] and motion to order the BOP to provide him surgery [Entry # 53] be denied.

IT IS SO RECOMMENDED.

*[signature]*

July 3, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).