IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Wayne McDaniels, #254398 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Matthew Zagula; RT Lowry, MD; A. Bryant, PA; Neil Stephens, RN; J. Vazquez, MD; Edgar Morales; Walter Dobushak; Mr. Crawford, MD; Irwin Fish, MD; Dr. Massa, MD; Dr. Loranth, MD; Mrs. Brown, PA; being sued in their individual and official capacity, | ) Civil Action No. 1:12-6-TLW-SVH |
| | ) |
| Defendants. | ) |

# ORDER

On January 3, 2012, Kevin Wayne McDaniels ("Plaintiff"), a *pro se* prisoner, filed this civil action alleging claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). (Docs. # 1 & # 38).

The matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on August 27, 2012 by Magistrate Judge Shiva V. Hodges, to whom this case was assigned. In the Report, the Magistrate Judge recommends granting Defendants' Motion to Dismiss Defendants Zagula, Bryant, Stephens, Vazquez, Morales, Dobushak, Crawford, Fish, Massa, Loranth, and Brown (construed as a motion for summary judgment) (Doc. # 57) and denying Plaintiff's motions for various injunctive relief (Docs. # 45, # 75, # 76, # 80, # 82). The Magistrate Judge gave the parties notice of the Court's intention to convert the Motion to Dismiss to a Motion for Summary Judgment and provided Plaintiff an opportunity to submit additional briefing. (Doc. # 90). The Plaintiff submitted additional briefing on August 27,

2012. (Doc. # 95). Also in the Report, the Magistrate Judge found, sua sponte, that the Court lacks personal jurisdiction over Defendant Lowry and recommends dismissing Defendant Lowry unless Plaintiff provides good cause for failure serve Lowry by the deadline for filing objections to the report. Objections were due by September 13, 2012. Although Plaintiff did not file his objections until September 17, 2012, the Court has reviewed and considered them. (Doc. # 99). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court hereby **ACCEPTS** the Report in substantial part. (Doc. # 96). The Defendants' Motion to Dismiss (construed as a Motion for Summary Judgment) is **GRANTED**. (Doc. # 57). The Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction (Doc. # 45), Motion for Order to Show Cause (Doc. # 75), Motion for Preliminary Injunction (Doc. # 76), Motion for Hardship Transfer in South Carolina (Doc. # 80), and Motion for Preliminary Injunction (Doc. # 82) are **DENIED**. Regarding the recommendation to dismiss Defendant Lowry, the Plaintiff states in his objection to the Report that "to his Knowledge that defendant RT Lowry has been served by the

US Marshals with Complaint and Summons and Plaintiff is Presently on Inst. Lock-Down an [sic] Unable to Possess his Legal Papers to Confirm this which Plaintiff will Immediately Clear this Issue once the Institution Comes Off Lock-Down." (Doc. # 99). This issue regarding service of Defendant Lowry is remanded back to the Magistrate Judge for evaluation of whether there has been service or a showing of good cause. The Magistrate Judge can then address this issue or prepare a report recommending an appropriate disposition of any issue related to Defendant Lowry, including dismissal if warranted.

    **IT IS SO ORDERED**.

                                                s/Terry L. Wooten
                                                Terry L. Wooten
                                                United States District Judge

October 24, 2012
Florence, South Carolina