IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kevin Wayne McDaniels, #254398, | ) | C/A No.: 1:12-6-TMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| RT Lowry, MD, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On August 27, 2012, the undersigned issued a Report and Recommendation ("the Report") in this matter recommending the District Judge grant the Motion to Dismiss of (former) defendants Zagula, Bryant, Stephens, Vazquez, Morales, Dobushak, Crawford, Fish, Massa, Loranth, and Brown. [Entry #57].   Additionally, the undersigned recommended that defendant Lowry be dismissed for lack of personal jurisdiction in light of Plaintiff's failure to show that Lowry had been served. *Id*.

In his objections to the Report, Plaintiff stated that "to his Knowledge that defendant RT Lowry has been served by the US Marshals with Complaint and Summons and Plaintiff is Presently on Inst. Lock-Down an [sic] Unable to Possess his Legal Papers to Confirm this which Plaintiff will Immediately Clear this Issue once the Institution Comes Off Lock-Down." [Entry #99]. The Honorable Terry L. Wooten, United States District Judge, accepted the undersigned's recommendation regarding all defendants save for Lowry. [Entry #101]. Judge Wooten remanded the case to the undersigned for further proceedings on October 24, 2012. *Id*. The United States Marshal Service located the service documents and forwarded them to the Clerk's office on October 25, 2013. [Entry

#104]. The documents indicate that service was not effected, as Lowry was no longer at USP McCreary. *Id*. Plaintiff failed to provide the service documents.

On January 14, 2013, this case was reassigned to the Honorable Timothy M. Cain, United States District Judge, and the Clerk of Court mailed Plaintiff a notice of the reassignment. [Entry #107, #108]. On July 24, 2012, the order was returned to the Clerk's office as undeliverable with the words "Ref Gone" written on the envelope. [Entry #109]. Plaintiff was previously directed by order of this court to keep the court apprised of any change in address. [Entry #24]. Plaintiff has failed to comply with this order, and as a result, the court has no means of contacting him concerning his case.

Based on the foregoing, it appears to the court that Plaintiff wishes to abandon this action. It is therefore recommended that this action be dismissed with prejudice, in accordance with Fed. R. Civ. P. 41(b). The Clerk is directed to send this Report and Recommendation to Plaintiff at his last known address. If Plaintiff notifies the court within the time set for filing objections to this Report and Recommendation that he wishes to continue with this case and provides a current address, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling. If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition.

IT IS SO RECOMMENDED.

February 20, 2013                              Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).