IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

Kevin Wayne McDaniels,     )
                                 )
          Plaintiff,       )    C/A No. 1:12-00006-TMC
                                 )
     v.               )       **ORDER**
                                 )
Richland County Public     )
Defenders office, et. al.,     )
                                 )
        Defendants.   )

On March 14, 2013, this action was dismissed with prejudice for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P.  (ECF No. 113). This matter is now before the court on Plaintiff's motions to re-open this action pursuant to Rule 60(b).  (ECF Nos. 117 and 118).[1]

Rule 60(b) allows a party to seek relief from a final civil judgment in a limited number of circumstances, including: 1) mistake, inadvertence, surprise, or neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or misconduct; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged; and 6) "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(1)-(6).  Furthermore, pursuant to Rule 60(d) a court has the "power to . . . set aside a judgment for fraud on the court."  Fed.R.Civ.P. 60(d)(3).

To succeed on a Rule 60(b) motion, Plaintiff must first show that the motion is timely. *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993). A Rule 60(b) motion must be made within a "reasonable time," and, for motions brought under subsections (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c)(1).  "A court must not extend the time to act under Rule[ ] . . . 60(b)." Fed.R.Civ.P. 6(b)(2) (emphasis added).

---

[1] The court assumes Plaintiff is relying on Rule 60 of the Federal Rules of Civil Procedure.

Here, Plaintiff seeks relief from a judgment which was entered on March 14, 2013. (ECF No. 114). Furthermore, Plaintiff fails to make a sufficient showing of "mistake, inadvertence, surprise, or excusable neglect" or that he now has "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Nor has he shown that there has been "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Instead, Plaintiff simply reargues issues raised in his original complaint. The court finds Plaintiff has not alleged sufficient grounds for relief from a final judgment. Accordingly, Plaintiff's Motions to Re-Open this Case (ECF Nos. 117 and 118) are **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 31, 2014